IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT CALIA,** )  )  **Plaintiff,** )  ) v. )  )  **CORRECT CARE SOLUTIONS, et al.,** )  )  **Defendants.** )  ) | CIVIL ACTION  No. 05-3202-CM |

## MEMORANDUM AND ORDER

Plaintiff brings this action *pro se* seeking relief under 42 U.S.C. § 1983. Plaintiff raises claims under the Eighth Amendment for alleged denial of dental care while he was incarcerated at Lansing Correctional Facility in Lansing, Kansas. This matter comes before the court on defendants' Motion to Dismiss for Lack of Prosecution (Doc. 29). For the following reasons, the court denies defendants' motion without prejudice.

Plaintiff filed his complaint on May 3, 2005. On January 1, 2006, the court set a telephone scheduling conference for March 10, 2006 and ordered the parties to submit a report of parties' planning meeting by February 28, 2006. When the parties did not submit the report, the court ordered the parties to inform the court of the status of the report via email. Plaintiff did not participate in the planning conference, and the report was never filed. Plaintiff did not appear for the March 10, 2006 scheduling conference. On March 13, 2006, the court issued a Notice and Show Cause Order (Doc. 25) requiring plaintiff to show cause why the case should not be dismissed, with prejudice, for failure to comply with the court's January

1, 2006 Order (Doc. 21) and ordering plaintiff to contact defense counsel to develop a plan pursuant to Fed. R. Civ. P. 26(f). Plaintiff filed a response to the court's order to show cause, but has not discussed the discovery plan with defense counsel. Defense counsel has attempted to contact plaintiff, but the telephone numbers plaintiff provided are out-dated, and plaintiff has failed to notify the court and opposing counsel of his current telephone number. In his response to defendants' motion to dismiss, plaintiff argues his case should not be dismissed because (1) he is *pro se*; (2) defense counsel has not returned his telephone calls; and (3) he has recently suffered a serious injury.

Under Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure or fails to prosecute its case. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning plaintiff cannot re-file his claims. Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (citations omitted).

Despite multiple opportunities, plaintiff is not prosecuting his case. And plaintiff's excuses do not justify his failure to participate in this litigation. First, "[a] party's pro se status does not relieve him from complying with the court's procedural requirements." *Barnes v. United States*, 173 Fed. Appx. 695, 697 (10th Cir. 2006) (citations omitted); *see also Santistevan v. Colo. Sch. of Mines*, 150 Fed. Appx. 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants). Plaintiff cannot disregard the court's orders because he is *pro se*. The court expects plaintiff to participate in this litigation and comply with court orders and rules in the same manner as any other litigant.

Second, plaintiff has the responsibility to keep his contact information current with the court. *See* D. Kan. Rule 5.1(c) ("Each attorney or party appearing *pro se* has a continuing duty to notify the clerk in writing of any change of address or telephone number."); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) (holding that a *pro se* litigant had the burden of changing his address under a similar District of Colorado local rule); *Stamper v. Parsons*, No. 01-3470-JWL, 2005 WL 82135, at *3 (D. Kan. Jan. 12, 2005) (holding that the plaintiff was responsible for updating his mailing address). Defense counsel cannot return plaintiff's telephone calls when plaintiff has failed to provide his correct telephone number.

Finally, while unfortunate, plaintiff's injury does not relieve him from his obligation to participate in this litigation. If plaintiff's injury prevents him from prosecuting this case, plaintiff must request a stay under the Federal Rules of Civil Procedure or find counsel to represent him.

Plaintiff's willful refusal to participate in this litigation is interfering with the judicial process. Plaintiff has, however, recently taken an interest in this litigation; he has attempted to contact defense counsel and filed responses to the court's orders to show cause. The court will give plaintiff one last opportunity to participate in this litigation. Plaintiff is ordered to update his contact information with the court and to contact defense counsel to develop a plan pursuant to Fed. R. Civ. P. 26(f) by August 7, 2006. Plaintiff is further ordered to submit a completed report of the parties' planning conference to Magistrate Judge James P. O'Hara by August 14, 2006. The report shall follow the report form that is posted on the court's website (http://www.ksd.uscourts.gov/features/forms). It shall be submitted electronically in .pdf format as an attachment to an Internet e-mail sent to ksd_ohara_chambers@ksd.uscourts.gov and shall not be filed with the Clerk's Office.

Defendants will be prejudiced by any further delay. Plaintiff is obligated to participate in this litigation; if he fails to do so in the future, this case will be dismissed.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss for Lack of Prosecution is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall update his contact information with the court and contact defense counsel to develop a plan pursuant to Fed. R. Civ. P. 26(f) by August 7, 2006.

**IT IS FURTHER ORDERED** that plaintiff shall submit a completed report of the parties' planning conference to Magistrate Judge James P. O'Hara by August 14, 2006.

Dated this 26th day of July 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**