IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT CALIA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-3202-CM |
| ) | |
| **CORRECT CARE SOLUTIONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action *pro se* seeking relief under 42 U.S.C. § 1983. Plaintiff raises claims under the Eighth Amendment for alleged denial of dental care while he was incarcerated at Lansing Correctional Facility in Lansing, Kansas.

Plaintiff filed his complaint on May 3, 2005. On January 1, 2006, the court set a telephone scheduling conference for March 10, 2006 and ordered the parties to submit a report of parties' planning meeting by February 28, 2006. When the parties did not submit the report, the court ordered the parties to inform the court of the status of the report via email. Plaintiff did not participate in the planning conference, and the report was never filed. Plaintiff did not appear for the March 10, 2006 scheduling conference. On March 13, 2006, the court issued a Notice and Show Cause Order (Doc. 25) requiring plaintiff to show cause why the case should not be dismissed, with prejudice, for failure to comply with the court's January 1, 2006 Order (Doc. 21) and ordering plaintiff to contact defense counsel to develop a plan pursuant to Fed. R. Civ. P. 26(f). Plaintiff filed a response to the court's order to show cause, but did not discuss the discovery plan with defense counsel. Defense counsel attempted to contact plaintiff, but the telephone numbers plaintiff

provided were outdated, and plaintiff failed to notify the court and opposing counsel of his current telephone number.

On April 28, 2006, defendants filed a Motion to Dismiss for Lack of Prosecution (Doc. 29). For the reasons set forth in the court's July 26, 2006 Order (Doc. 32), the court denied defendants' motion without prejudice and allowed plaintiff another opportunity to prosecute his case. Plaintiff failed to comply with the court's order. The court issued two orders to show cause ordering plaintiff to comply with the court's July 26, 2006 Order. Plaintiff never responded.

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order or the Federal Rules of Civil Procedure or fails to prosecute its case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning plaintiff cannot re-file his claims. Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (citations omitted).

Despite multiple opportunities, plaintiff refuses to participate in this litigation. Defendants will be prejudiced by any further delay. Plaintiff's willful refusal to participate in this litigation is interfering with the judicial process.

**IT IS THEREFORE ORDERED** that this case is dismissed with prejudice for plaintiff's failure to prosecute.

-3-

Dated this 21st day of February 2007, at Kansas City, Kansas.

        **s/ Carlos Murguia**

        **CARLOS MURGUIA**
        **United States District Judge**